**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

KENNETH HARRINGTON,

    Plaintiff,

v.

PAUL WELLS; and M. TUCKER,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-41

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institute in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Having conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, I **RECOMMEND** that Plaintiff's claims against Defendants in their official capacities be **DISMISSED**. I also **RECOMMEND** Plaintiff's request for injunctive relief be **DENIED**.

The undersigned **ORDERS** a copy of this Order and Plaintiff's Complaint be served upon Defendants Wells and Tucker. The Court provides additional instructions to Plaintiff and Defendants pertaining to the future litigation of this action, which the parties are urged to read and follow.

STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Whether a complaint fails to state a claim under Section 1915(A) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Schreane v. Middlebrooks, 522 F. App'x 845, 846 (11th Cir. 2013); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Id. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim

based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts Defendants conspired to fire him from his position at the Jesup FCI UNICOR facility in retaliation for his exercise of First Amendment rights. (Doc. 1, p. 2.) Prior to his termination, Plaintiff filed a civil action against Defendant Wells alleging several other instances of retaliation.[1] (Id. at pp. 5–6.) Plaintiff now alleges that, in response to his filing of that civil action, Defendant Wells created a fraudulent corrective action report and altered another officer's memorandum contained within Plaintiff's employee file to justify Plaintiff's

---

[1] In the current pending civil action against Defendant Wells filed August 2, 2013, Plaintiff alleged that Defendant Wells retaliated against him for requesting unpaid wages and filing grievances by changing Plaintiff's job status in the UNICOR factory and reducing his pay. Compl., Harrington v. Wells, No. 213-cv-41 (S.D. Ga. Aug. 2, 2013), ECF No. 1.

3

dismissal from the UNICOR factory.[2] (Id. at pp. 9–10.) Plaintiff also alleges that Defendant Tucker, the Associate Warden of Education and Industry, conspired with Defendant Wells to retaliate against Plaintiff. (Id. at p. 2.) Plaintiff claims that Defendant Tucker acquiesced to Defendant Wells' falsification and alteration of Plaintiff's employee file and relied upon those false documents to approve Plaintiff's termination. (Id. at pp. 2–3.) Plaintiff further alleges that Defendant Tucker refused to rehire Plaintiff unless he abandoned the civil action against Defendant Wells. (Id. at p. 3.)

## DISCUSSION

### I. Official Capacity Claims

In his Complaint, Plaintiff does not specify whether he is suing Defendants in their official or individual capacities. To the extent Plaintiff seeks to hold Defendants liable in their official capacities, he cannot do so. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). For this reason, Plaintiff's claims against the individually-named Defendants in their official capacities should be **DISMISSED**.

---

[2] Plaintiff alleges that Defendant Wells falsified these documents to create the impression that Plaintiff had received two prior warnings for unsatisfactory work performance in order to justify Plaintiff's termination pursuant to a third violation after he was found in possession of a gambling ticket. (Doc. 1, pp. 7, 9–11). Plaintiff first claims that Defendant Wells first filed a false corrective action report for Plaintiff's unauthorized absence from work on September 19, 2013. (Id. at p. 6.) Plaintiff claims that this report was fraudulent because another officer gave him permission to leave the factory due to lack of work. (Id.) Next, Plaintiff claims that Defendant Wells altered a prior memorandum created by another officer on June 24, 2013. (Id. at pp. 9–10.) According to Plaintiff, Defendant Wells added a handwritten note to this memorandum indicating that Plaintiff had received a written warning for unsatisfactory work performance when he had not received the warning. (Id.)

**II.     Retaliation**

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff's civil suit against Defendant Wells is constitutionally protected speech. Additionally, Plaintiff arguably asserts that a prisoner of "ordinary firmness" may have been deterred from exercising his First Amendment rights based upon Defendants' positions of authority and the loss of his job in the UNICOR factory. Bennett, 423 F.3d at 1252 (noting "adverse effect" depends on the context of the alleged action and focuses on "the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts[ ]") (citing Thaddeus–X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999)). Finally, Plaintiff alleges that a causal relationship exists between his termination and his protected speech because he lost his job shortly after filing the civil action against Defendant

Wells. (Doc. 1, p. 2.) Thus, Plaintiff's retaliation claims against Defendants Wells and Tucker remain pending.

### III. Conspiracy

A conspiracy to violate another person's constitutional rights gives rise to a Bivens action. "To establish a prima facie case of [a Bivens] conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants." Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Plaintiff alleges several specific facts to show evidence of an agreement between Defendants. First, Plaintiff claims that Defendant Tucker refused to rehire him unless Plaintiff agreed to "drop" the civil action against Defendant Wells. (Doc. 1, p. 3.) Relatedly, Plaintiff alleges that Defendant Tucker rehired other inmates who were fired but will not rehire Plaintiff. (Id.) Additionally, Plaintiff claims that Defendants Wells and Tucker refused to furnish copies of Plaintiff's correction action reports during a meeting between the three parties. (Id. at pp. 8–9.) Plaintiff also alleges that Defendants Wells and Tucker conspired to create and utilize falsified documents, pointing out that his immediate supervisor was apparently unaware that the

6

corrective action report existed. (Id. at pp. 9–11.) Because these facts are sufficient to show that Defendants Wells and Tucker reached an understanding to violate Plaintiff's constitutional rights, Plaintiff's conspiracy claims remain pending.

**IV.     Supervisory Liability**

"It is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

According to Plaintiff, Defendant Tucker failed to prevent his retaliatory firing by willfully ignoring Defendant Wells' falsification of Plaintiff's employee file. (Doc. 1, p. 2.) Plaintiff further alleges that Defendant Tucker personally participated in the retaliation by relying upon the false records to justify his approval of Plaintiff's termination and his subsequent refusal to rehire Plaintiff. (Id. at pp. 2–3.) Therefore, Plaintiff's allegations arguably set forth a First Amendment claim against Defendant Tucker that does not merely rely upon Defendant Tucker's supervisory position.

**V. Preliminary Injunctive Relief Request**

Plaintiff has sought preliminary injunctive relief from the Court. (Id. at p. 4.) To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff has not shown an injunction is necessary to prevent irreparable injury. Plaintiff's request should, therefore, be **DENIED** at this time.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities. I also **RECOMMEND** that Plaintiff's requests for preliminary injunctive relief be **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

## REMAINING CLAIMS

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under Section 1331, Bivens, and 28 U.S.C. § 1915A against Defendants Wells and Tucker for conspiracy to violate Plaintiff's First Amendment rights. A copy of this Order and Plaintiff's Complaint shall be served upon Defendants by the United States Marshal without prepayment of cost. Because Defendants are employees of the United States sued in their individual capacities for acts or omissions in connection with duties performed on the United States' behalf, the Court further ORDERS that the United States Marshal serve the United States in accordance with Federal Rule of Civil Procedure 4(i). Thus, in addition to service upon Defendants individually, a copy of the complaint and summons shall

be delivered, in the manner prescribed by Rule 4(i) to the United States Attorney for the Southern District of Georgia (or the civil process clerk of the same), and the Attorney General of the United States at Washington, D.C. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the

Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA