# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

KENNETH HARRINGTON,

    Plaintiff,

v.

PAUL WELLS; and MARVIN TUCKER,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-41

## O R D E R

Presently before the Court is Plaintiff's Motion for Leave to Depose Witnesses, (doc. 19), and Plaintiff's Motion to Amend his Complaint to add a claim for attorney's fees. Defendants do not oppose Plaintiff's Motion for Leave to Depose Witnesses. However, Defendants object to Plaintiff's Motion to Amend his Complaint. (Doc. 32.) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Depose Witnesses and **GRANTS** Plaintiff's Motion to Amend his Complaint. In addition, the Court sets forth an Amended Scheduling Order for the procession of this case.

## BACKGROUND

Plaintiff filed this cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Defendants conspired to fire him from his position at the UNICOR facility at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup"), in retaliation for the exercise of his First Amendment rights. (Doc. 1, p. 2.) Prior to his termination, Plaintiff filed a civil action against Defendant Wells alleging several other instances of retaliation. (Id. at pp. 5–6.) Plaintiff alleges that, in response to his filing of that civil action, Defendant Wells created a fraudulent

corrective action report and altered another officer's memorandum contained within Plaintiff's employee file to justify Plaintiff's dismissal from the UNICOR factory. (Id. at pp. 9–10.) Plaintiff also alleges that Defendant Tucker, the Associate Warden of Education and Industry, conspired with Defendant Wells to retaliate against Plaintiff. (Id. at p. 2.) Plaintiff claims that Defendant Tucker acquiesced to Defendant Wells' falsification and alteration of Plaintiff's employee file and relied upon those false documents to approve Plaintiff's termination. (Id. at pp. 2–3.) Plaintiff further alleges that Defendant Tucker refused to rehire Plaintiff unless he abandoned the civil action against Defendant Wells. (Id. at p. 3.)

On July 20, 2016, prior to the expiration of the discovery period, Plaintiff filed a Motion requesting leave to depose nine non-party witnesses by written questions. (Doc. 19, p. 1.) Defendants do not oppose Plaintiff's Motion for Leave to Depose Witnesses. (Doc. 20.) On September 26, 2016, the Court consolidated this case as well as Plaintiff's related action, Case Number 2:13-cv-103, ("Harrington I"). (Doc. 22.) In that Order, the Court appointed Ms. Lacey Houghton, who had previously been appointed to represent Plaintiff in Harrington I, to represent Plaintiff in the consolidated action. Id. In that Order, the Court explained that it does not have the ability to reimburse Ms. Houghton for her fees in representing Plaintiff. (Id. at p. 4, n. 2.) However, the Court explained that "[at] the conclusion of Ms. Houghton's representation, she may provide the Court an itemized accounting of her costs and expenses in this case, and the Court will consider reimbursement of her reasonable costs and expenses." (Id. at pp. 3–4.)

The Court held a scheduling conference in this case on October 14, 2016. At that conference, Plaintiff's counsel requested clarification from the Court regarding Plaintiff's Motion to Depose Witnesses. Ms. Houghton explained that she may conduct some of the depositions orally but was not certain if the costs associated with having a court reporter attend

the deposition and provide a transcript would be reimbursed by the Court. Additionally, Ms. Houghton requested, via oral motion, to amend Plaintiff's Complaint to add a claim for attorney's fees. Defendants oppose Plaintiff's motion to amend his Complaint, arguing that attorney's fees are unavailable in this Bivens action. (Doc. 32.)

## DISCUSSION

**I.    Plaintiff's Motion for Leave to Depose Witnesses (Doc. 19)**

Plaintiff originally requested that the Court grant him leave to depose nine non-party witnesses by written questions. (Doc. 19.) Each of the proposed witnesses is a current or former employee of the Federal Bureau of Prisons at FCI Jesup. Pursuant to Federal Rule of Civil Procedure 31(a)(1), "a party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)." If the parties have not stipulated to the deposition, Rule 31(a)(2) requires that a party obtain leave of court to depose persons by written deposition if: (i) the deposition would result in more than 10 depositions being taken under [Rule 30 or Rule 31] by the plaintiff[;] (ii) the deponent has already been deposed in the case; or (iii) the party seeks to take a deposition before the time specified in Rule 26(d). A party must also obtain leave of court to depose incarcerated persons by written deposition. Fed. R. Civ. P. 31(a)(2)B. However, none of the circumstances outlined in Rule 31(a)(2) are applicable to Plaintiff or to the proposed witnesses. Furthermore, Plaintiff need not seek the Court's permission to depose witnesses prior to the close of discovery. Because Plaintiff submitted his motion to depose these witnesses prior to the close of discovery, and Defendants do not oppose that motion, the Court **GRANTS** Plaintiff's Motion, (doc. 19).

Nevertheless, Plaintiff must abide by the applicable Rules to properly take a deposition by written question. See Fed. Rs. Civ. 30(b)(5), 31(a)(3), (b). In other words, whether taken

3

orally or by written question, Plaintiff must provide a court reporter to take the deposition, and he must pay the requisite expenses associated with obtaining the parties' attendance at those depositions. Ordinarily, the *in forma pauperis* statute does not provide for the payment of discovery costs. See 28 U.S.C. § 1915; Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014) ("[Section] 1915 refers to only 'court fees.' Neither defendants nor the district court were obligated to advance [Plaintiff] his discovery costs."); see also, Koehl v. Greene, 2007 WL 4299992, at *3 (N.D.N.Y. Dec. 6, 2007); Fernandez v. Kash N'Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991); Doe v. United States, 112 F.R.D. 183, 185 (S.D.N.Y. 1986). However, as the Court explained in its Order appointing Ms. Houghton, the Court will reimburse her for the reasonable and necessary costs and expenses she incurs in representing Plaintiff. Those expenses will include fees paid to a court reporter for depositions that are necessary to prosecute Plaintiff's claims.

## II. Plaintiff's Motion to Amend

On October 14, 2016, Plaintiff requested, via oral motion, to amend his Complaint to add a claim for attorney's fees. Defendants oppose Plaintiff's Motion to Amend, contending that Plaintiff may not recover attorney's fees in this Bivens action and that amendment would, therefore, be futile. (Doc. 32.) Defendants further aver that they will be prejudiced should the Court grant Plaintiff's Motion to Amend. (Id. at p. 3.)

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f).[1] Even when a party may not amend as a matter of right, he may amend with the opposing

---

[1] The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has

4

party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473 (emphasis added); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). While leave to amend is generally freely given, it is by no means guaranteed. The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). However, a court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Here, Plaintiff concedes that he may not amend his Complaint as a matter of right and that the deadline to timely seek amendment of his Complaint has passed. However, Plaintiff argues that the Court should nevertheless grant his motion to amend to add a claim for attorney's fees, as he was appointed counsel after the deadline to amend his Complaint expired. While Defendants concede that Plaintiff was unrepresented at the time he filed his Complaint, Defendants maintain that the Court should deny Plaintiff's Motion. Defendants argue that Plaintiff may not recover attorney's fees in this Bivens action and that amendment would, therefore, be futile. Because Plaintiff's entitlement to attorney's fees is central to the parties'

---

already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

dispute regarding Plaintiff's proposed amendment, the Court now addresses the parties' contentions as to that issue.

Rule 54 of the Federal Rules of Civil Procedure requires a party requesting attorney fees to specify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d) (2)(B)(ii). Attorney's fees are generally not recoverable unless specifically provided for by statute. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602–03 (2001). Courts have routinely held that there is no statutory authority for an attorney's fee award for monetary claims in a Bivens action. See, e.g., Unus v. Kane, 565 F.3d 103, 113, 126 (4th Cir. 2009); Nurse v. United States, 226 F.3d 996, 1004 (9th Cir.2000); Kreines v. United States, 33 F.3d 1105, 1109 (9th Cir.1994); Hall v. United States, 773 F.2d 703, 707 (6th Cir. 1985);

When assessing whether a claim for attorney's fees is viable against a federal defendant, the Eleventh Circuit Court of Appeals assessed "28 U.S.C.A. § 2412 (the Equal Access to Justice Act) when read in relation to 42 U.S.C.A. §§ 1983 and 1988." Martin v. Heckler, 773 F.2d 1145, 1152 (11th Cir. 1985), *abrogated on other grounds by* Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). The court noted that "[u]nder section 2412(b) of the Equal Access to Justice Act, ("EAJA"), in a civil action brought against the United States or any United States agency or official acting in an official capacity, the United States shall be liable for attorney's fees 'to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.'" Martin, 773 F.2d at 1152 (emphasis added) (citation omitted in original). The Eleventh Circuit noted that "[a] suit against [a] federal defendant acting solely under color of *federal law* could not have been brought pursuant to any of the statutes enumerated in section 1988." Martin, 773

F.2d at 1152 (italics in original). Accordingly, the Eleventh Circuit joined all other Circuits in holding that "attorney's fees under section 2412(b) cannot be awarded against a federal defendant pursuant to 42 U.S.C.A. § 1988, except in actions to enforce against the defendant a provision of the statutes specifically listed in section 1988." Id. at 1153. Bivens claims, such as that brought by Plaintiff here, are not listed in Section 1988 as a cause of action in which the Court may award attorney's fees against a federal defendant. Therefore, Plaintiff may not amend his Complaint to add a claim for attorney's fees pursuant to section 2412(b), as that amendment would be futile.

However, prevailing plaintiffs may also recover an award of fees against the United States under Section 2412(d) of the EAJA. Lucas v. White, 63 F. Supp. 2d 1046, 1052 (N.D. Ca. 1999) ("Under the EAJA, prevailing plaintiffs are entitled to recover their attorneys' fees and costs unless the government's position was substantially justified, special circumstances would make an award unjust, or the application for fees is not timely filed.") (citing 28 U.S.C. §§ 2412(d)(1)(A), (1)(B); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990)). Specifically, a party may seek attorney's fees under the EAJA "for time expended on . . . claims for injunctive relief against BOP officials in their official capacit[ies]." Id. (citing Ramon by Ramon v. Soto, 916 F.2d 1377, 1382–83 (9th Cir. 1989) (party prevailing in suit against government officials acting in their official capacity may recover fees under EAJA)).

For example, in Lucas v. White, the Northern District of California found that attorneys representing prisoners who alleged both Bivens claims for damages and claims for injunctive relief against BOP officials were entitled to attorney's fees for the time expended pursuing plaintiffs' injunctive claims against defendants in their official capacities. Lucas, 63 F. Supp 2d at 1051, 1053. Similarly, here, Plaintiff has alleged claims for injunctive relief against

Defendants in their official capacities. In his Complaint, Plaintiff requests that "Defendants be ordered to take no further retaliatory actions against Plaintiff" and that he "receive a job assignment in UNICOR . . . equal to the job and job assignment taken from him" by Defendants. (Doc. 1, p. 4.) While the Court dismissed Plaintiff's claims for *preliminary* injunctive relief, (doc. 11, p. 2), Plaintiff's claims for injunctive relief against Defendants remain viable. Additionally, Plaintiff drafted his Complaint in this action and his Complaint in Harrington I *pro se*. Now that he is represented, his Amended Complaint could clarify what type of relief he seeks from which Defendants and whether he seeks that relief from the Defendants in their individual capacities and/or their official capacities (or from the United States).[2] Accordingly, at this stage, it is not clear that Plaintiff's proposed amendment to add a claim for attorney's fees pursuant to Section 2412(d) would be futile.

For all of these reasons, Plaintiff may amend his Complaint to reassert the claims he raised in his now consolidated actions and to add a claim for attorney's fees as to his claims for injunctive relief. Therefore, the Court **GRANTS** Plaintiff's Motion to Amend his Complaint. Plaintiff shall file an Amended Complaint within **fourteen (14) days** of the date of this Order.

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, the Court issues the following scheduling order in this matter. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The

---

[2] Additionally, with Plaintiff's cases having now been consolidated, all parties and the Court would benefit from Plaintiff filing an Amended Complaint that consolidates the claims he raised in Harrington I with those raised in this case. Additionally, the Court and the parties would benefit from a statement of Plaintiff's claims drafted by counsel rather than his *pro se* pleadings to date. However, to be clear, other than the newly arisen claim for attorney's fees, the Court does not provide Plaintiff leave to add claims that have not been previously raised in the pleadings in Harrington I or in this action.

8

showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension. When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| WRITTEN DISCOVERY UNDER RULES 33 THROUGH 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE | December 23, 2016 |
| DISCOVERY DEPOSITION OF ALL WITNESSES | December 23, 2016 |
| DEPOSITIONS OF ALL WITNESSES (WHETHER FACT OR EXPERT) THAT ARE *DE BEN ESSE* DEPOSITIONS AND TAKEN NOT FOR DISCOVERY BUT FOR USE AT TRIAL | December 23, 2016 |
| STATUS REPORT DUE[3] | December 21, 2016 |
| PRE-TRIAL ORDER DUE[4] | January 20, 2017 |

---

[3] A Status Report Form shall be provided by the Courtroom Deputy Clerk for use in reporting to the Court. The parties are directed to contact the Deputy Clerk to obtain the Form and to use the content and format contained in this Form.

[4] The pretrial order shall be in the format for Chief Judge Lisa Godbey Wood. The required form can be located at the Court's website www.gas.uscourts.gov under "forms."

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Depose Witnesses. (Doc. 19.) The Court also **GRANTS** Plaintiff's Motion to Amend his Complaint to add a claim for attorney's fees.

**SO ORDERED**, this 1st day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA